UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BYRON KEITH CHANT,

           Plaintiff,

   v.

CLARK COUNTY JAIL,

           Defendant.

CASE NO. C12-5871 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
JANUARY 4, 2013

      This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

      The Court recommends that this action be dismissed prior to service for failure to state a claim. The Court also recommends that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g) and that in forma pauperis status in this case be revoked for the purpose of appeal.

      Plaintiff alleges that a county jail is liable under the Civil Rights Act if his food at the jail contains a foreign object and he chokes on that object (ECF No. 5). In plaintiff's case he

allegedly choked and hurt himself on a plastic bread tie that was inadvertently put in his salad (ECF No. 5). Plaintiff names only the county jail as a defendant (ECF No. 5).

The Court entered an order to show cause why this action should not be dismissed prior to service (ECF No. 6). Plaintiff has responded and argues that his Eighth and Fourteenth Amendment rights have been violated (ECF No. 7). The Court has considered the response.

28 U.S.C. § 1915(e)(2) gives the Court the authority to dismiss an in forma pauperis complaint before service of process if the complaint fails to state a claim or if the complaint, on its face, contains a complete defense to the action. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Further, an inmate who received three dismissals of this nature may be limited in obtaining in forma pauperis for future filings. *See* 28 U.S.C. §1915(g).

Plaintiff's complaint fails to state a claim of constitutional magnitude. In order to set forth a civil rights claim against a municipality under 42 U.S.C. § 1983, plaintiff must show that defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). Plaintiff alleges a simple act of negligence, not a violation of a constitutional right (ECF No. 5).

To establish municipal liability under 42 U.S.C. § 1983, plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). A municipal entity such as a jail is not liable under the Civil Rights Act for a simple negligent act of an employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233-34 (9th Cir. 1989). Further,

1 the Ninth Circuit has held that food served to prisoners need not be tasty or aesthetically pleasing

2 and the fact that the food contains an occasional foreign object does not state a claim. *LeMaire v.*

3 *Mass*, 12 F.3d 1444, 1456 (9th Cir. 1993).

4    The Court gave plaintiff the opportunity to plead additional facts and respond to an order

5 to show cause. Plaintiff's response, (ECF No. 7), convinces the Court that this action should not

6 proceed further and that in forma pauperis status should be denied on appeal. The Court

7 recommends that the action be dismissed for failure to state a claim and that in forma pauperis

8 status be revoked for the purpose of appeal.

9    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

10 fourteen (14) days from service of this Report and Recommendation to file written objections.

11 *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

12 purposes of de novo review by the district judge. *See* 28 U.S.C. § 63(b)(1)(C). Accommodating

13 the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for

14 consideration on January 4, 2013, as noted in the caption.

15    Dated this 10th day of December, 2012.

J. Richard Creatura
United States Magistrate Judge